IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SANTIAGO PENA-RUIZ,<br><br>                    Plaintiff,<br><br>     v.<br><br>KEVIN S. SOLORZANO,<br><br>                    Defendant. | | Civil Action No.<br>07-2488 (JBS)<br><br>**MEMORANDUM<br>OPINION** |

SIMANDLE, District Judge:

      This matter is before the Court upon motion of Plaintiff
Santiago Pena-Ruiz, for reconsideration of this Court's Order of
June 17, 2007, which had dismissed Plaintiff's Complaint as time-
barred.  Plaintiff now asserts that his claims under 42 U.S.C. §
1983 were subject to equitable tolling and that his Complaint was
timely filed.  This Court will reconsider its decison based upon
this additional information, and finds as follows:

1.    On May 20, 2007, Plaintiff SANTIAGO PENA-RUIZ (hereinafter
      "Plaintiff"), a prisoner currently confined at the Federal
      Correctional Institution at Florence, Colorado, executed his
      Complaint under 28 U.S.C. § 1331 (hereinafter "Complaint"),
      pursuant to the doctrine announced in Bivens v. Six Unknown
      Federal Narcotics Agents, 403 U.S. 388 (1971), together with
      Plaintiff's application to proceed  in forma pauperis,
      pursuant to 28 U.S.C. § 1915.  See Docket Entry No. 1.

2.    Plaintiff named Kevin S. Solorzano as the sole defendant in

this action.  See id., Caption.  Plaintiff alleges that

Solorzano sexually assaulted him on two occasions,

specifically, on September 27, 2004, and October 7, 2004.

See id. at 2.

3.    On June 17, 2007, this Court dismissed Plaintiff's Complaint

with prejudice as time barred.  See Docket Entry No. 2.  The

Court explained to Plaintiff that the statute of limitations

on civil rights claims is governed by the applicable state

limitations period for personal injury, see Goodman v.

Lukens Steel Co., 482 U.S. 656, 661-62 (1987); Wilson v.

Garcia, 471 U.S. 261, 276 (1985); Montgomery v. De Simone,

159 F.3d 120, 126 (3d Cir. 1998); Cito v. Bridgewater

Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989), and

that New Jersey's statute of limitations for personal injury

claims requires that "an action for an injury to the person

caused by a wrongful act, neglect, or default, must be

convened within two years of accrual of the cause of

action."  See id. at 1-2 (quoting Cito, 892 F.2d at 25,

quoting, in turn, Brown v. Foley, 810 F.2d 55, 56 (3d Cir.

1987)).  The Court further clarified to Plaintiff that,

under federal law governing the accrual of claims, "the

limitations period begins to run from the time when the

plaintiff knows or has reason to know of the injury which is

2

the basis of the section 1983 action." <u>See</u> <u>id.</u> at 2

(quoting <u>Montgomery</u>, 159 F.3d at 126, and citing <u>Sameric</u>

<u>Corp. of Delaware, Inc. v. City of Philadelphia</u>, 142 F.3d

582, 599 (3d Cir. 1998)). Finally, the Court noted that

"[e]quitable tolling functions to stop the statute of

limitations from running where the claim's accrual date has

already passed," <u>see</u> <u>id.</u> (quoting <u>Oshiver v. Levin</u>, 38 F.3d

1380, 1387 (3d Cir. 1994)), and that equitable tolling is

appropriate where: (a) the defendant has actively misled the

plaintiff, (b) the plaintiff has in some extraordinary way

been prevented from asserting his rights, (c) the plaintiff

has timely asserted his rights mistakenly in the wrong

forum, or (d) the court has misled a party regarding the

steps that the party needs to take to preserve a claim. <u>See</u>

<u>id.</u> at 3 (citing <u>Jones v. Morton</u>, 195 F.3d 153, 159 (3d Cir.

1999), and <u>Brinson v. Vaughn</u>, 398 F.3d 225, 230 (3d Cir.

2005)). Pointing out that, according to Plaintiff's

Complaint, Plaintiff was assaulted more than two years

prior to his submission of the Complaint, this Court: (a)

concluded that the Complaint was time barred in view of the

fact that Plaintiff's statements did not provide this Court

with any valid reason to grant Plaintiff equitable tolling,

and (b) issued an order dismissing the Complaint

(hereinafter "July Order"). <u>See</u> <u>id.</u> at 3-4.

4.    On October 29, 2007, the Court received from Plaintiff  his

motion for reconsideration of the July Order (hereinafter

"Motion") alleging that: (a) his Motion should be deemed

timely on the grounds that Plaintiff was not notified about

dismissal of his Complaint,[1] see Docket Entry No. 3, at 2,[2]

and (b) his Complaint should be deemed timely on the grounds

of equitable tolling, in view of the following facts:

(i)    Defendant's criminal proceedings that took place

between July of 2005 and November of 2006,

(ii)   advice Plaintiff received from -- and concerns

expressed by -- the prosecutors in Defendant's

criminal action, and

---

[1] The Court's docket indicates that a hard-copy regular mail notice of the July Order was duly forwarded to Plaintiff by the Office of the Clerk on July 18, 2007, at the address "SANTIAGO PENA-RUIZ #06043-030, FLORENCE FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, PO BOX 6000, FLORENCE, CO 81226."

[2] Since Plaintiff's Motion consists of: (a) cover letter, (b) a document titled "Motion to Have Plaintiff's Motion for Reconsideration," (c) a copy of Plaintiff's letter dated September 20, 2007, (d) a copy of this Court's docket in Plaintiff's action, (e) a copy of Plaintiff's letter dated October 3, 2007, (f) a document titled "Motion for Reconsideration, (g) a duplicative  copy of Plaintiff's letter dated September 20, 2007, (h) a duplicative copy of this Court's docket in Plaintiff's action, (i) a duplicative copy of Plaintiff's letter dated October 3, 2007, and (j) a copy of the docket in Defendant's criminal proceedings, and each of this documents is individually paginated starting with page one, this Court--in order to avoid undue confusion--refers to the particular pages in Plaintiff's Motion by utilizing the pagination automatically generated by CM/ECF filing of the Motion.

(iii) Plaintiff's three transfers among certain

correctional facilities operated by the Federal

Bureau of Prisons.[3]  See id. at 11-12.

5.   On November 21, 2007, this Court issued an order directing

the Clerk to reopen this instant matter in order to

entertain Plaintiff's Motion.  See Docket Entry No. 4.

6.   After thoroughly examining Plaintiff's Motion, the Court

concludes that grant of equitable tolling is not warranted.

(a)   Procedurally, Local Rule 7.1(i) requires that a

motion for reconsideration be "served and filed

within 10 business days after the entry of the order

or judgment on the original motion by the Judge or

Magistrate Judge."  L. Civ. R. 7.1(i).  In the

instant case, the Court entered judgment in this

matter on June 17, 2007, and Plaintiff did not file

the present Motion until October 29, 2007, three and

a half months later.  Plaintiff offers, as an

explanation regarding why he failed to file his

motion in a timely fashion, or make any request for

_____

[3] According to Plaintiff's Motion, one transfer (from a
correctional facility in New Jersey to that in California) took
place in June of 2005, another transfer (from California to
Pennsylvania) took place in May of 2006, and the third transfer
(from Pennsylvania to California) took place in December of 2006.
See Docket Entry No 3, at 11-12.

an extension of time to file such a motion beyond the

ten day window prescribed by the Local Rules, his

claim that he did not receive the Clerk's mailing of

the Court's June 17 Order addressed to him, even

though he did receive all other mailings from the

Clerk sent to Plaintiff at the very same address.

See Docket Entry No. 3, at 2-3.  The Court has no

reason to presume that the post office failed to

deliver the Clerk's mailing containing a copy of the

Court's June 17 Order while properly delivering all

other mailings from the Clerk sent to the same

address.  It cannot be ruled out, however, that the

mail was lost or misplaced by others after it arrived

at FCI Florence, and the Court will deem the motion

timely.[4]

(b)     Turning then to the reconsideration motion, the Court

finds Plaintiff has failed to sustain the burden

imposed upon him by the standard governing motions

for reconsideration.  The "purpose of a motion for

---

[4] It is especially important that the Court be lenient in
enlarging the deadline for reconsideration where the original
order under attack was the product of the preliminary review of
prisoner complaints filed in forma pauperis under 28 U.S.C. §
1915.  The opportunity for the Court to take a second look at its
dismissal order through reconsideration of something that may
have been unclearly stated in the pro se Complaint clearly
advances fairness to the plaintiff.

reconsideration is to correct manifest errors of law
or fact or to present newly discovered evidence."
Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.
1985).  Accordingly, a motion under Rule 7.1(i) may
be granted only if: (1) an intervening change in the
controlling law has occurred; (2) evidence not
previously available has become available; or (3) it
is necessary to correct a clear error of law or
prevent manifest injustice.  See North River Ins. Co.
v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir
1995).  Here, Plaintiff does not allege any change in
controlling legal authority, nor does he argue that
any previously unavailable evidence has come to
light, or that the Court committed a clear error of
law.  Instead, Plaintiff's arguments provide
information *previously available* to Plaintiff but
undisclosed to the Court.  Normally, this would lead
to a finding that Plaintiff failed to meet the
requirements for reconsideration.  See Harsco Corp.,
779 F.2d at 909.  Nonetheless, plaintiff is
proceeding pro se, his pleadings are to be read with
liberality, and he may not have foreseen when
drafting his Complaint that it would be subject to
dismissal on its face for untimeliness.  Accordingly,

7

he should receive this opportunity to present the
factual circumstances surrounding his delay in filing
that give rise to equitable tolling.  The Court
therefore reconsiders its earlier ruling based upon
the more complete allegations of Plaintiff.

(c)   Examining Plaintiff's equitable tolling arguments on
merits, as if they were made part of Plaintiff's
Complaint ab initio, the Court will dismiss the
Complaint as untimely for failure to assert valid
grounds for equitable tolling.  According to the
Complaint, Plaintiff suffered a sexual assault by
Defendant on two occasions, specifically, on
September 27, 2004, and on October 7, 2004, when
Defendant allegedly forced Plaintiff to have a sexual
intercourse with him.  See Docket Entry No. 1, at 2.
Therefore, the Court has no reason to presume that
Plaintiff was not aware of the alleged wrong
committed, and Plaintiff's two-year period of
limitations began to run, for the purposes of filing
a civil rights action, no later than on October 7,
2004, and, absent equitable tolling, expired on
October 6, 2006, that is, *six and a half months prior*
to Plaintiff's execution of his Complaint.  See
Complaint at 5 (indicating that the Complaint was

executed, at the earliest, on May 20, 2007).

Moreover, according to the Complaint, Defendant was

arrested and removed from the facility of Plaintiff's

confinement on July 20, 2005; such arrest eliminated

any potential danger of Defendant's retaliation

against Plaintiff fourteen months prior to expiration

of Plaintiff's limitations period.  See id. at 3.

Plaintiff alleges his untimeliness was justified by

the following circumstances.

(i)      Plaintiff first asserts that he delayed

         filing his Complaint because he was waiting

         for conclusion of Defendant's criminal

         proceedings (that took place between July of

         2005 and November of 2006, with four months

         between Defendant's conviction and sentencing

         included).  However, the Court is aware of no

         legal provision requiring a civil rights

         plaintiff to wait for the conclusion of his

         prospective defendant's criminal trial.  This

         limitation appears to be self-imposed by

         Plaintiff and warrants no equitable tolling.

         Moreover, even if the Court were to

         hypothesize that Plaintiff was, somehow,

         prevented from filing of civil action by

Defendant's criminal prosecution, Plaintiff

was able to file his civil action timely

since Defendant was found guilty by his trial

court on July 6, 2006, see Docket Entry No.

3, at 22, that is, three months prior to

expiration of Plaintiff's statute of

limitations.  Plaintiff, however, alleges he

felt constrained to postpone the filing of

his civil rights Complaint until Defendant

was not merely convicted but also sentenced.

See id. at 11.  Such argument has no merit,

since no provision obligates a civil

plaintiff to delay filing of his complaint

until the putative defendant is sentenced.[5]

Therefore, Plaintiff's assertions that he was

waiting for conclusion of Defendant's

criminal proceedings do not merit equitable

relief.

(ii)   Next, Plaintiff alleges that Plaintiff's

filing of the instant Complaint was delayed

---

[5] Even if this Court were to entertain this argument,
Plaintiff's facts do not match his claim, since Defendant was
sentenced on November 3, 2006, that is, six and a half months
prior to Plaintiff's filing of the instant Complaint.  It appears
that, had Plaintiff merely waited for Defendant to be sentenced
before filing the instant Complaint, Plaintiff could have filed
it in November 2006, rather than waiting another half a year.

10

because of the advice Plaintiff received from
-- and concerns expressed by -- the
prosecutors in Defendant's criminal action.
Specifically, Plaintiff alleges that the
prosecutors were concerned about the fact
that Plaintiff was expected to be one of
government witnesses in Defendant's criminal
prosecution.[6]  Plaintiff, however, had no
reason to rely on the advice of Defendant's
prosecutors, since these prosecutors were not
in attorney-client relationship with
Plaintiff, and had no basis for rendering any
legal advice to Plaintiff.  Moreover, even if
this Court would equate Defendant's
prosecutors with Plaintiff's counsel and,
thus, consider their advice as an advice of
Plaintiff's attorney, Plaintiff's reliance on
their advice does not present grounds for
equitable tolling.  "Attorney error is not a
basis for equitable tolling in the Third
Circuit because it does not rise to the level

---

[6] It is unclear from the face of Plaintiff's various
submissions whether Plaintiff in fact testified as a witness in
Defendant's criminal matter.  See generally, Docket Entries Nos.
1, 3.

of the extraordinary circumstances which must

be present for equitable tolling to apply."

Manning v. Blaine, 2001 U.S. Dist. LEXIS

19122, 2001 WL 1491066, at *2 (E.D. Pa. Nov.

20, 2001); see also Gaynor v. Kyler, 2003

U.S. Dist. LEXIS 20185, at *3 (E.D. Pa. Oct.

24, 2003) (holding that the plaintiff was

unable to demonstrate in what "'extraordinary

way [he has] been prevented from asserting

his rights' as a result of attorney error,

deception, or otherwise" and concluding that

"equitable tolling does not apply") (quoting

Fahy, 240 F.3d at 244).  Finally, even if

this Court were to ignore the clearly

established legal principle that an

attorney's error does not provide grounds for

equitable tolling, Plaintiff's factual

assertions fail to support his legal

contentions.  Specifically, Defendant's last

criminal hearing took place on May 11, 2006,

that is, about five months prior to

expiration of Plaintiff's statute of

limitations.  See Docket Entry No. 3, at 22.

Therefore, even if Plaintiff was waiting for

12

Defendant's last hearing to act as a witness against Defendant, he could not have justifiably waited to act well past the date of Defendant's last hearing and, certainly, after Defendant's conviction, both of which took place many months prior to expiration of Plaintiff's period of limitations. Plaintiff, however, elected to sit on his rights until it was more than a year after Defendant's last criminal hearing, more than ten months after Defendant's conviction, and more than six months after Defendant's sentencing.  In view of the foregoing, the Court finds Plaintiff's allegations that he was prevented from filing his Complaint by the advice received from Defendant's prosecutors unavailing.  The Court finds no basis for equitable tolling.

(iii)    Finally, Plaintiff maintains that he was prevented from filing a timely complaint by three transfers among certain correctional facilities operated by the Federal Bureau of Prisons.  According to Plaintiff, the first transfer (from a correctional facility in New Jersey to that in California) took

13

place in June of 2005, another transfer (from

California to Pennsylvania) took place in May of

2006, and the third transfer (from Pennsylvania to

California) took place in December of 2006.[7]  <u>See</u>

Docket Entry No. 3, at 12.  These allegations do

not indicate that Plaintiff was, in some

extraordinary way, prevented from asserting his

rights, since Plaintiff was staying in each

facility from eight to eleven months, and

certainly had the opportunity during any one of

these stays to produce and submit for filing a

document similar in its complexity to his instant

five-page long Complaint.  Plaintiff has not

suggested that his legal materials were lost in

these transfers.  A contrary finding would render

the statute of limitations meaningless, in light

of the routine, frequent transfers of prisoners

from one facility to another with the Federal

Bureau of Prisons and/or state Departments of

Corrections.  Therefore, the Court concludes that

---

[7] Notably, Plaintiff's third transfer has little relevance
to Plaintiff's claims, since it took place *after* his statute of
limitations expired.  Therefore, for the purpose of rendering on
Plaintiff's equitable tolling, the Court must consider *only two*
transfers, one that took place eight months after the period of
limitations began to run, and another eleven months thereafter.

Plaintiff's allegations fail to provide the Court

with any valid basis for equitable tolling.

CONCLUSION

For the reasons stated above, Plaintiff's motion for

reconsideration of the Dismissal Order of June 17, 2007 will be

denied, and the accompanying Order will be entered.


**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
U.S. District Judge